IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**WILLIAM STRASBURG,**

      **Plaintiff,**

v.                                                             Civil Action No. 2:22-CV-6
                                                                    (JUDGE KLEEH)

**HARDY COUNTY, WEST VIRGINIA and
MOOREFIELD POLICE DEPARTMENT,**

      **Defendants.**

**OMNIBUS REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND
THAT PLAINTIFF'S ANCILLARY MOTIONS [ECF NOS. 2, 3, 4, 6] BE DENIED**

      On May 16, 2022, *pro se* Plaintiff William Strasburg ("Plaintiff") filed a Complaint against Hardy County, West Virginia and Moorefield Police Department. [ECF No. 1 at 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motions [ECF Nos. 2, 3, 4, 6] be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      In the Complaint itself [ECF No. 1], Plaintiff alleges no facts in support of his claims. Rather, he lists certain causes of action he wishes to bring, namely: tort of outrage, unlawful detainment, unlawful arrest, unlawful incarceration, unlawful re-arrest and transport across state lines, and mistreatment in jail. Further, Plaintiff advises that "additional information to be filed soon." He requests damages in the amount of $12,000,000.00 and an injunction ordering "no police contact without criminal behavior." Finally, Plaintiff incorporates by reference his accompanying

*pro se* "motion for removal to federal court," filed on May 16, 2022 [ECF No. 3], by which he alleges certain facts.

In the motion for removal[1] [ECF No. 3], Plaintiff attempts to articulate claims arising from an alleged traffic stop sometime in April of 2021, to which he was a party, by the Moorefield (West Virginia) Police Department. Plaintiff states that officers initiated the stop of his vehicle for a "taillight issue," and that officers eventually asked for permission to search his vehicle. Plaintiff states that he refused to give permission to search, that officers conducted a search nonetheless, and that the encounter escalated, resulting in a criminal obstruction charge against Plaintiff. Plaintiff states the officers also determined that his driver's license issued in Virginia was suspended. Plaintiff took issue with the process by which the Virginia driver's license was suspended. In any event, Plaintiff alleges that the traffic stop ultimately resulted in Plaintiff being incarcerated in Rappahannock County, Virginia for a period of five days. It is unclear from Plaintiff's allegations exactly how or why the stop in West Virginia resulted in the incarceration in Virginia.

Additionally, in the motion for removal, Plaintiff alleges that he was involved in another vehicular stop by police officers on January 1, 2022. It is not entirely clear, but it appears that Plaintiff alleges that these officers also were the same ones with the Moorefield Police Department he encountered before. During this stop, on January 1, 2022, Plaintiff seems to allege, he was sitting in his vehicle in a Wal-Mart parking lot, utilizing the store's public WiFi connection. Plaintiff alleges that this encounter resulted in another criminal obstruction charge and a search of his vehicle, and the officers having his vehicle towed. Plaintiff takes exception to these results.

---

[1] The "motion for removal" [ECF No. 3] appears to be, foremost, an effort to litigate, inappropriately, state criminal matters in this federal Court, as well as a vehicle to attempt, unsuccessfully, to articulate federal claims otherwise. The undersigned addresses this motion in more detail below.

In the motion for removal, Plaintiff alleges causes of action arising from an array of constitutional and statutory provisions, including: (a) the Fourth and Sixth Amendments of the United States Constitution, (b) civil action for deprivation of rights under 42 U.S.C. § 1983, (c) Racketeer Influenced and Corrupt Organizations Act (RICO)[2], and (d) 18 U.S.C. § 241 (criminal code regarding conspiracy against rights) and 18 U.S.C. § 242 (criminal code regarding deprivation of rights under color of law). Plaintiff also takes issue with the Moorefield Police Department's denial of a request which Plaintiff submitted pursuant to the Freedom of Information Act (FOIA), although it is unclear whether Plaintiff seeks to lodge a FOIA cause of action, and if he does, whether he is alleging a violation of federal or state FOIA.

Plaintiff also filed a separate *pro se* motion for the Court to issue an order granting injunctive relief. Plaintiff requests that any "agents of the state of West Virginia" be enjoined from violating Plaintiff's civil or constitutional rights. [ECF No. 4]. Plaintiff cites the following statutes as legal authority for issuing an injunction: (a) 18 U.S.C. § 1512 (criminal code regarding witness tampering), and (b) 18 U.S.C. § 241 (criminal code regarding conspiracy against rights) and 18 U.S.C. § 242 (criminal code regarding deprivation of rights under color of law). Plaintiff summarizes a litany of his encounters with police officers; his experiences with various judicial systems and legal processes; and his own habits, affiliations, and romantic prospects.

Additionally, Plaintiff filed a *pro se* motion for the Court to conduct an emergency hearing. [ECF No. 6]. While it is difficult to discern Plaintiff's request and argument, it appears that he believes that some judicial process will transpire at the local level, which he wishes this Court would interrupt. Plaintiff reiterates many of the factual allegations and legal theories propounded

---

[2] It is not clear whether Defendant alleges civil liability or criminal liability under RICO, or appreciates that there is a difference.

3

in his other filings, but cites no additional authority for the Court to conduct an expedited hearing or order emergency relief.

Finally, in conjunction with his other filings, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On May 16, 2022, this Court, by the Honorable Thomas S. Kleeh, United States District Judge, entered an Order of Referral [ECF No. 8], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil

Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying theories of relief in the motion for removal [ECF No. 3] provide **no** factual allegations as a basis for the Plaintiff's claims which would allow

this Court to grant relief. Nor does Plaintiff set forth in the Complaint and motion for removal the necessary legal grounds entitling him to any relief.

As to whether the Court has jurisdiction here, Plaintiff seems to argue that there is jurisdiction only on the basis of federal question; Plaintiff raises no diversity of citizenship argument. To that end, as to federal question jurisdiction, Plaintiff invokes a number of federal constitutional and statutory provisions, summarized above, in support of his perceived grievances. However, that is not enough, standing alone, for Plaintiff to establish jurisdiction here. Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

**A. Attempted Removal of State Criminal Matters**

Plaintiff's filings present a number of poorly formed claims and arguments. As best as the undersigned can discern, Plaintiff's greatest emphasis seems to concern pending criminal matters in state magistrate court in Hardy County, West Virginia. And to that end, Plaintiff would remove

those matters to this Court to litigate those claims in this Court, or perhaps, have this Court cease the prosecution of those matters. Plaintiff's attempt to remove these matters fails as a matter of law.

Of course, federal courts have original jurisdiction in matters of federal question. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And of course, certain kinds of claims first raised in a state court may be removed to federal court:

> Except as otherwise expressly provided by Act of Congress, any <u>civil</u> action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Here, though, simply put, Plaintiff cannot remove state criminal actions to federal court to litigate those cases here. The removal statute, 28 U.S.C. § 1441, plainly provides for removal of <u>civil</u> actions, not <u>criminal</u> actions. This is for obvious reasons: those state matters involve <u>state</u> criminal law charges, not <u>federal</u> criminal law charges. This Court, being a court of limited jurisdiction, does not address state criminal law matters.

Relatedly, Plaintiff takes exception to how the state criminal matters arose, as if to shoehorn resolution of the state criminal matters onto an effort to litigate federal civil claims. That simply is not a permissible litigation tactic. No constitutional provision, statute, caselaw, or other authority at law allows for a criminal defendant in a state matter to simply lodge a federal claim, and have a federal court action supplant and then resolve a pending state criminal matter. To find otherwise would turn the United States Constitution's foundational principles of federalism on their ear. <u>See generally</u> <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982) (explaining "a strong federal policy against federal-court interference with pending

state judicial proceedings absent extraordinary circumstances" and the need for "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways") (internal citation and quotations omitted).

Thus, Plaintiff cannot remove pending state criminal matters to this Court, and the undersigned **FINDS** that Plaintiff's motion fails in that regard. The undersigned **RECOMMENDS** denial of Plaintiff's motion [ECF No. 3] and dismissal of the claims in the Complaint [ECF No. 1] related thereto, without prejudice.

### B. Substance of Plaintiff's Fourth and Sixth Amendment, § 1983, 18 U.S.C. §§ 241-242 and 1512, RICO, and FOIA Claims

The undersigned finds that the various and sundry claims which Plaintiff attempts to propound simply are not pled with sufficient foundation. Thus, the claims are not cognizable as presented in either the Complaint itself or the filings ancillary thereto. The summary herein of Plaintiff's factual allegations and legal theories is drawn, with due respect, from a tedious, wearisome review of multiple pages of scattershot, rambling contentions which are spread throughout several different filings. The undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise.

Plaintiff invokes certain citations to authority as if they can be wielded like an incantation to yield the result he desires. Yet, Plaintiff lacks command of the jurisprudential underpinnings of the civil and criminal justice systems. To take just one example, Plaintiff complains that enforcement officers did not heed his explanation about his unresolved federal challenge to the suspension of his Virginia driver's license. In Plaintiff's mind, it seems that he should have been

free to continue to operate his vehicle merely because he had lodged some sort of legal challenge to the license suspension. [ECF No. 3 at 2]. Plaintiff took it upon himself to explain to these officers about "the laws that they had never been exposed to before and/or were willfully ignorant of because said laws made the tax collection part of their jobs more difficult." Id. Plaintiff explains that "he corrected their incorrect ideas regarding Federal Law." Id. In Plaintiff's mind, because officers did not bow to his subjective belief about legal authority and process, that gives rise to a suite of causes of action alleged herein.

Simply put, Plaintiff is off base. Plaintiff's other factual allegations and legal theories are similarly unfounded, or are not sufficiently articulated in the first place. For example, Plaintiff seems to wish to bring a FOIA cause of action, but does not explain whether he is alleging violations of state or federal FOIA, how he would even invoke federal FOIA to seek information from a state actor, or what FOIA provisions were violated. See 5 U.S.C. § 552(a)(3). By way of further example, Plaintiff alleges RICO violations, but does not seem to appreciate the difference between criminal and civil RICO liability, and certainly does not plead a civil RICO claim with the requisite specificity. See 18 U.S.C. § 1962 et seq., Fed. R. Civ. P. 9(b). And further, Plaintiff would bring civil claims pursuant to 18 U.S.C. §§ 241-242 and 1512, which are statutes providing for criminal liability; Plaintiff makes no cognizable argument about how he can obtain civil relief pursuant to alleged violations of these criminal statutes.

For the sake of economy, the undersigned will not parse through every one of Plaintiff's theories of relief. At bottom, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and claims in related filings), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim

for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendants[3] with fair notice of the nature of the claims Plaintiff would lodge against them or the relief Plaintiff would have this Court order.

Thus, Plaintiff's claims here are not cognizable and fail as a matter of law, and the undersigned **RECOMMENDS** that they be dismissed without prejudice.

### C. Plaintiff's Requests for Equitable Relief (Injunction, Emergency Hearing)

Plaintiff requests injunctive relief [ECF No. 4], which the undersigned construes as a request for preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. Plaintiff also seeks injunctive relief [ECF No. 4] under the same criminal statutes, 18 U.S.C. §§ 241-242 and 1512, which he cites in the motion for removal. [ECF No. 3]. Yet, Plaintiff does not show how these criminal statutes are a proper vehicle for him to obtain civil relief in equity. Finally, Plaintiff also requests an emergency hearing [ECF No. 6], which the undersigned construes as a request for a temporary restraining order without notice to opposing parties, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Because the undersigned recommends dismissal of Plaintiff's Complaint after initial screening, the undersigned **FINDS** that such equitable relief is improper and **RECOMMENDS** that Plaintiff's motions requesting such relief [ECF Nos. 4, 6] be denied.

### D. Plaintiff's Request to Proceed *in forma pauperis*

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants giving rise to cognizable legal claims, the undersigned **FINDS** that the Complaint fails

---

[3] To this end, Plaintiff would name "Hardy County, West Virginia" as one of the Defendants. From the undersigned's detailed review of the Complaint and related filings, it is not at all clear what entity Defendant even would purport to sue here, or for what. The allegations offer no clarification as to whether a particular office, instrumentality, board, commission, employee, officer, or other such party is responsible for any of Plaintiff's grievances. It is not even clear which actor(s) at the county government level engaged in conduct giving rise to Plaintiff's factual allegations.

to state a claim upon which relief may be granted. After performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.     RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion for removal [ECF No. 3] be **DENIED**, that Plaintiff's motion for injunction [ECF No. 4] be **DENIED**, motion for emergency hearing [ECF No. 6] be **DENIED**, and motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: May 31, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE