IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**WILLIAM STRASBURG,**

      **Plaintiff,**

v.                                                                                     Civil Action No. 2:22-CV-6
                                                                                      (JUDGE KLEEH)

**HARDY COUNTY, WEST VIRGINIA and**
**MOOREFIELD POLICE DEPARTMENT,**

      **Defendants.**

### OMNIBUS REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS [ECF NOS. 23, 25] BE DENIED AND THAT COMPLAINT [ECF NO. 22] BE DISMISSED WITHOUT PREJUDICE

On May 16, 2022, the presiding District Judge, Hon. Thomas S. Kleeh, entered a Referral Order [ECF No. 8] directing that the undersigned issue Reports and Recommendations as to disposition of pending motions and otherwise address certain matters herein. On May 31, 2022, the undersigned Magistrate Judge entered an Omnibus Report and Recommendation [ECF No. 10] recommending that *pro se* Plaintiff's Complaint [ECF No. 1] be dismissed without prejudice, based upon a screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2), and that all then-pending ancillary motions [ECF Nos. 2, 3, 4, 6] be denied. Thereafter, on June 10, 2022, the undersigned entered a second Omnibus Report and Recommendation [ECF No. 20] recommending that *pro se* Plaintiff's pending motions [ECF Nos. 14, 15, 16, 17, 18, 19] be denied.

Thereafter, on August 4, 2022, *pro se* Plaintiff filed two additional motions. [ECF Nos. 23, 25]. On that same date, Plaintiff also filed a Complaint [ECF No. 22] which includes a request for injunctive relief. These latest filings are not substantively or materially different from Plaintiff's prior arguments or requests for relief.

Thus, the undersigned **RECOMMENDS** that the two motions [ECF Nos. 23, 25] be **DENIED**. The undersigned further **RECOMMENDS** that, to the extent which the Complaint [ECF No. 22] is styled as a motion, it be **DENIED**. The undersigned further **RECOMMENDS** that the Complaint [ECF No. 22] be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because Plaintiff's latest filings essentially are reiterations of certain of Plaintiff's prior filings, the undersigned incorporates by reference the factual and procedural background of this matter as set forth in the prior Omnibus Reports and Recommendations. [ECF Nos. 10, 20][1]. However, the undersigned summarizes the three new filings [ECF Nos. 22, 23, 25] here[2]:

1. Complaint and request for injunction [ECF No. 22], including a request for injunctive relief. Plaintiff states that the facts supporting his claims were included in prior filings. [ECF No. 22 at 5]. Thus, Plaintiff appears simply to incorporate by reference his prior factual allegations and legal claims. Plaintiff does not explicitly state that he seeks to amend his original Complaint [ECF No. 1], and the only substantive change appears to be the addition of named Defendants: (a) David "Jay" Fansler, President of the Hardy County (West Virginia) Commission and (b) Stephen W. Riggleman, Chief of Police of the Moorefield (West Virginia) Police Department.

---

[1] At the conclusion of this Report and Recommendation, the undersigned directs the Clerk of the Court, when providing Plaintiff a copy of the instant Report and Recommendation, to also provide a copy of the two prior [ECF Nos. 10, 20] Reports and Recommendations for Plaintiff's reference. Plaintiff would have received these Reports and Recommendations previously, but the Court provides them again here as a courtesy.

[2] On the same date, August 4, 2022, on which Plaintiff lodged the filings which are the subject of this Omnibus Report and Recommendation, Plaintiff also lodged a filing [ECF No. 24] styled as a "Notice of Misconduct by Defendants." By this filing, Plaintiff does not request relief, but instead apprises the Court of a range of his ongoing grievances with law enforcement and other parties. Because Plaintiff does not request relief, the undersigned does not enter an order or address it in this Report and Recommendation.

2. Complaint and request for injunction [ECF No. 23], which appears to be a duplication of the Complaint and request for injunction [ECF No. 22] summarized immediately above.

3. Motion to compel discovery/motion for summary judgment [ECF No. 25], which appears to repeat Plaintiff's factual allegations and claims for relief set forth in his wide array of prior filings. The motion fails to set forth any applicable standard or analysis under any pertinent statute, caselaw, or rule concerning motions to compel discovery or motions for summary judgment. Indeed, as the matter has not even been permitted to proceed and Plaintiff has not been permitted serve Defendants with the Complaint, requests for such relief are premature.

## II. LEGAL STANDARDS, ANALYSIS, AND RECOMMENDATION

As explained in the prior Omnibus Reports and Recommendations [ECF Nos. 10, 20], the undersigned acknowledges Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The presently-pending filings [ECF Nos. 22, 23, 25], as noted above, present no new argument or request for relief. There is nothing set forth in any of these filings by which Plaintiff may be afforded relief in this Court.

For the abovementioned reasons, the undersigned **FINDS** that the filings lodged by

Plaintiff on August 4, 2022 [ECF Nos. 22, 23, 25] articulate no form of relief which can be granted by the Court. To the extent which these filings are presented as motions for relief, the undersigned thus **RECOMMENDS**, for the reasons set forth in the prior Reports and Recommendations [ECF Nos. 10, 20], that they each be **DENIED**. Further, to the extent which the more recently-filed Complaint [ECF No. 22] may require additional disposition by the Court, the undersigned incorporates by reference the analysis and findings in the previous Omnibus Reports and Recommendations [ECF Nos. 10, 20] and continues to respectfully **RECOMMEND** that the Complaint, filed in *forma pauperis* [ECF No. 22], be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested. Further, the Clerk of the Court is **DIRECTED** to send a copy of the undersigned's two previously-entered Reports and Recommendations [ECF Nos. 10, 20] to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: August 11, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE