**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM STRASBURG,**

      **Plaintiff,**

**v.**                                                    **Civil Action No. 2:22-CV-6**

**HARDY COUNTY, WEST VIRGINIA,**
**and MOOREFIELD POLICE**
**DEPARTMENT,**

      **Defendants.**

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS [ECF NOS. 10, 20 AND 26], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 12] AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

On May 16, 2022, Plaintiff William Strasburg filed his Complaint alleging Defendants Hardy Count, West Virginia and Moorefield Police Department violated his civil rights. ECF No. 1. Among other things, Strasburg asserts claims for the tort of outrage, unlawful detainment, unlawful arrest, unlawful incarceration, unlawful rearranging and transport across state lines and mistreatment in jail. Id. He seeks $12,000,000.00 in damages. Id.

Strasburg frequently files motions and other documents. After his Complaint, he filed a Motion for Removal to Federal Court [ECF No. 3], Motion for Injunction [ECF No. 4] and Motion for Emergency Hearing [ECF No. 6]. On May 16, 2022, the Court referred those motions to the Magistrate Judge pursuant to 18 U.S.C. § 636. ECF No. 8. The Magistrate Judge issued his Report & Recommendation

STRASBURG V. HARDY COUNTY                                          2:22-CV-6

ORDER ADOPTING PENDING R&Rs AND DISMISSING COMPLAINT

("R&R") on those pending motions on May 31, 2022.  ECF No. 10.
Therein, the Magistrate Judge recommended the Complaint be
dismissed without prejudice and the other pending motions [ECF
Nos. 2, 3, 4 and 6] be denied.

That R&R informed the parties that they had fourteen (14)
days from the date of service of the R&R to file "specific written
objections, identifying the portions of the Report and
Recommendation to which objection is made, and the basis for such
objection."  It further warned them that the "[f]ailure to file
written objections . . . shall constitute a waiver of de novo
review by the District Court and a waiver of appellate review by
the Circuit Court of Appeals."  ECF No. 10.  Strasburg received
that R&R on June 6, 2022.  He filed a document labeled "objections"
on June 9, 2022.  ECF No. 12.

Those "objections" fall short of the specificity required to
warrant de novo review of the R&R however.  Instead, Strasburg's
filing merely repeats and restates many of the allegations of his
Complaint and other aspects of his then-pending motions.  He does
not point with any specificity to factual errors in the R&R and
takes no issue with the R&R's legal analysis.  In short, the
"objection" document was of no aid to this Court in reviewing the
R&R, added nothing to the record not already stated and is best
construed as overall disagreement with the R&R's conclusions.

STRASBURG V. HARDY COUNTY                                          2:22-CV-6

ORDER ADOPTING PENDING R&Rs AND DISMISSING COMPLAINT

Thereafter, Strasburg continued to file motions and other documents with the Court.  Those include "civil relief" [ECF No. 13], Motion for Removal to Federal Court [ECF NO. 14], Second Motion for Removal to Federal Court [ECF No. 15], Motion for Injunction [ECF No. 16], Motion for Emergency Hearing [ECF No. 17], Additional Motion for Emergency Hearing [ECF No. 18] and Motion for Removal to Federal Court [ECF No. 19].

On June 10, 2022, the Magistrate Judge issued another omnibus R&R addressing these motions and recommending they be denied.  ECF No. 20.  That R&R likewise advised of the requirements for objections and the possible consequences of failing to object properly.  Id.  Strasburg received that R&R on June 18, 2022.  ECF No. 21.  No objections were filed to that R&R.

Strasburg instead filed a slew of other motions after that R&R (which he received on June 18, 2022).  ECF No. 21.  He filed a Complaint and Request for Injunction [ECF No. 22], a Motion for Injunction [ECF No. 23] and Motion to Compel Discovery [ECF No. 25].  Again, the Magistrate Judge issued another omnibus R&R on August 11, 2022 recommending those motions be dismissed and that the Complaint be dismissed without prejudice.  ECF No. 26.  That R&R also contained the procedure and schedule for objections and the consequences for failing to adhere thereto.  Id.  No objections have been filed to that R&R as it was returned marked "undeliverable."  ECF No. 27.

STRASBURG V. HARDY COUNTY                                    2:22-CV-6

ORDER ADOPTING PENDING R&Rs AND DISMISSING COMPLAINT

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  An objection must be specific and particularized to warrant such review.  See United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007). Otherwise, the Court will uphold portions of a recommendation to which a general objection or no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Midgette, 478 F.3d at 622. Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections.  Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Because Strasburg has either not objected to the pending R&Rs or his lone "objection" is so general and vague, the Court is under no obligation to conduct a de novo review.  Accordingly, the Court reviewed the R&R for clear error.  Upon careful review, and finding no clear error, the Court **ADOPTS** the R&Rs [ECF No. 10, 20 and 26] in their entirety.  Thus, the Court **ORDERS** as follows:

1. The Complaint [ECF NO. 1] is **DISMISSED WITHOUT PREJUDICE;**

2. The pending motions [ECF Nos. 2, 3, 4, and 6] are **DENIED;**

3. The pending motions [ECF Nos. 14, 15, 16, 17, 18 and 19] are **DENIED;**

**STRASBURG V. HARDY COUNTY**                                    **2:22-CV-6**

**ORDER ADOPTING PENDING R&Rs AND DISMISSING COMPLAINT**

4. The filings at ECF Nos. 22, 23 and 25 are **DENIED** to the extent they request relief; and,

5. The second Complaint [ECF No. 22] is **DISMISSED WITHOUT PREJUDICE.**

This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and any unrepresented parties.

**DATED:** March 31, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA