IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM STRASBURG,**

    **Plaintiff,**

  v.                                      Civil Action No. 2:22-CV-6

**HARDY COUNTY, WEST VIRGINIA,
and MOOREFIELD POLICE
DEPARTMENT,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 26], GRANTING PLAINTIFF'S MOTION TO
EXCEED PAGE LIMIT [ECF NO. 42-1], OVERRULING OBJECTIONS [ECF NO.
42-2] AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE
[ECF NO. 22]**

### I.    <u>BACKGROUND AND REPORT AND RECOMMENDATION</u>

On August 4, 2022, William Strasburg ("Plaintiff") filed a second pro se complaint against Hardy County, West Virginia, and the Moorefield Police department. ECF No. 22. In the second complaint [ECF No. 22], Plaintiff included a request for injunctive relief. The second Complaint contains no new facts; rather, Plaintiff refers the Court to those already filed. ECF No. 22. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 8.

On August 11, 2022, the Magistrate Judge entered a third Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff's motions [ECF Nos. 23, 25] and dismiss the second

complaint [ECF No. 22] without prejudice. ECF No. 26. The R&R informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." ECF No. 26 at 4. It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. The third R&R [ECF No. 26] was sent to Plaintiff and returned as undeliverable. ECF No. 27. No objections to the third R&R were filed at such time.

On March 31, 2023, the Court adopted the Magistrate Judge's R&Rs [ECF Nos. 10, 20, 26], overruled Plaintiff's objections, denied Plaintiff's motions, and dismissed the first and second complaints [ECF Nos. 1, 22] without prejudice. ECF No. 28. On May 1, 2023, Plaintiff filed a notice of appeal. ECF No. 29. On August 29, 2023, the United States Court of Appeals for the Fourth Circuit vacated the Court's order and remanded for further proceedings because it was unclear whether Plaintiff received proper notice of the third R&R [ECF No. 26] and his obligation to file specific objections to preserve appellate review. Strasburg v. Hardy County, WV, No. 23-1484, 2024 WL 5561270, *1 (4th Cir. Aug. 29, 2023) (per curiam) (unpublished); ECF No. 35. The Court

2

of Appeals affirmed the Court's order adopting the first and second R&Rs and further denied Plaintiff's motions to compel responses to discovery and sanctions. Id. Subsequently, the Court sent Plaintiff a copy of the third R&R [ECF No. 26[], which he received on March 31, 2025. The Court then granted Plaintiff's Motion for Extension of Time to File Response to Omnibus Report and Recommendation [ECF No. 40] and extended the objections deadline to May 1, 2025. ECF No. 41. Plaintiff timely filed objections to the R&R, dated April 10, 2025. ECF No. 42-2. On the same day, Plaintiff also filed Plaintiff's Motion to Exceed Page Limitations. ECF No. 42-1.[1]

## II.  OBJECTIONS AND STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been

---

[1] In the Motion, Plaintiff asserts that the page limitation "does not supply the plaintiff with adequate space in which to supply this vast body of legal information to this Court." Finding good cause, the Court **GRANTS** the motion [ECF No. 42-1].

made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

**Strasburg v. Hardy County**                                                          2:22-cv-6

The Court is required to construe pro se pleadings liberally. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976). A court, however, may not construct a plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993) (citation omitted). Nor is a court required to "conjure up questions never squarely presented to [it]." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### ANALYSIS

Plaintiff, pro se, filed several objections to the Magistrate Judge's third R&R. ECF No. 42-2. In Plaintiff's Reply to Magistrate's Omnibus Report and Recommendation [ECF No. 42-2] he includes sections titled: Day in Court; Traditional Notions of Fair Play; Notice; Procedural Due Process; Mandamus; Statutory Construction; In Forma Pauperis Procedure; Frivolous; The Complaint and Solicitude for Rights; 42 U.S.C. § 1983; Bill of Rights; Qualified Immunity; Pattern of Abuse; Substantive Right; Pain and Suffering; Bad Faith; More Than De Minimis; 18 U.S.C. § 1512; and Protection of Civil Rights. Within these objections, however, Plaintiff does not specifically object, and only directly references once, to the Magistrate Judge's findings in the R&R. Thus, this objection will be reviewed de novo. The rest of the R&R [ECF No. 26] will be reviewed for clear error.

Plaintiff's main objection appears to be to the R&R's finding that his filings failed to articulate a form of relief which can

**Strasburg v. Hardy County**                                                2:22-cv-6

be granted by the Court. ECF No. 26. Plaintiff states "[w]hile the Magistrate's Report and Recommendations devote much effort to attempting to characterize Plaintiff's complaint as 'nothing more than an unadorned, the defendant-unlawfully harmed me accusation that is ripe for dismissal'. . . a reasonable trier of fact would conclude that 'proffered explanation is unworthy of credence.' Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248." The case cited by Plaintiff involved an employment discrimination suit, and the quoted language is from the Court's discussion of how the plaintiff's burden of persuasion that she was intentionally discriminated against could be met. Id. at 256. The full case quote reads "[s]he may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. It is unclear what specifically Plaintiff intends to object to with the support of this quoted language, as little explanation is offered.

In the rest of the filing [ECF No. 42-2], Plaintiff asserts that he has experienced pain and suffering, and irreparable harm. Id. Plaintiff contends that he has alleged facts, that if accepted as true, show that he has suffered more than de minimis injuries. Id. He quotes case law on conspiracy, the powers of the court, qualified immunity, strict scrutiny, the requirements for a complaint, and statutory construction, among others. Id. None of

6

these quotes, however, are accompanied with explanation, nor direct the Court to the parts of the R&R with which Plaintiff takes issue.

While Plaintiff cites a plethora of legal authority, he lacks specificity in his objections. ECF No. 42-2. Much of the legal authority cited does not pertain to the findings within the R&R, nor to the issues at hand. Further, this authority is primarily included as direct quotes without explanation from Plaintiff as to its relevance to his objections. Despite the quoted legal authority, the lack of explanation by Plaintiff ultimately leaves many of the objections unspecific and devoid of any reference to specific findings or recommendations in the R&R.

Plaintiff is correct in asserting that pleadings by pro se litigants must be liberally construed. ECF No. 42-2 at 18. However, even when construed liberally, the Court agrees with the Magistrate Judge's findings in the R&R [ECF No. 26] that Plaintiff fails to articulate a form of relief that can be granted by the Court. Accordingly, Plaintiff's objections [ECF No. 42-2] are **OVERRULED**. The Court reviewed the remainder of the R&R for clear error and found none.

### III. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R [ECF No. 26] and **OVERRULES** Plaintiff's objections [ECF No. 42-2]. Plaintiff's Motion to Exceed Page Limitations [ECF No. 42-1] is **GRANTED**.

7

Plaintiff's Motion for Injunction [ECF No. 23] and Motion to Compel Discovery/Motion for Summary Judgement [ECF No. 25] are **DENIED**. Plaintiff's second complaint [ECF No. 22] is **DISMISSED WITHOUT PREJUDICE** and the Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

**DATED**: February 11, 2026

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA